# GORDON vs. GORDON.

(3    215
122   598

If the instructions given by the court be not objected to, at the time they are given, and the giving them be not assigned in the motion for a new trial, the supreme court will not consider them.

ERROR TO POLK CIRCUIT COURT.

13    215
95a   409

BALLOU, ABELL and STRINGFELLOW, for appellants.

1. On the plea of not guilty, the plaintiff must in this case, where the words are not in themselves actionable, not only prove the words as laid, but that they were spoken with reference to testimony given by plaintiff, before the grand jury of Polk county, in the investigation of a matter cogniozable by them; and that the testimony so given was material to the determination of the matter in question. 2 Johnson Rep. 10; 2 Johns. 344; 14 Wend. 120; 1 Wend. 475; 5 Mo. Rep. 21; 1 Chitty Pl. 400; 1 Dennis 208; Harris vs. Woods, 9 Mo. 113; 12 Wend. 500; 8 Mo. R. 512.

2. There was no evidence to show that the grand jury spoken of by the witness, was a grand jury for Polk county, nor that such grand jury was ever sworn; nor that the charge against Hendrickson was for an offence cognizable by the grand jury; nor that the testimony by plaintiff in error, referred to by defendant as false, was material to the investigation. On this latter point the evidence seems to show that allusion was made to testimony relative to what was said by defendant below, at the time of the fight, which was wholly immaterial in the investigation of the charge against Hendrickson. There was no evidence as to the nature of the charge against Hendrickson. See the authorities before cited.

WINSTON for defendant in error,

By reference to the bill of exceptions, it will be seen that there is not only some evidence to support the verdict of the jury, but that the preponderance of the testimony is actually in favor of the plaintiff below. As to the verdict being against the instructions of the court, it is in accordance with the only instruction asked by the plaintiff below, and this instruction is not complained of by the plaintiff in error. 10 Mo. Rep. 516.

Judge BIRCH delivered the opinion of the court.

This was, on the trial, an action on the case for words spoken; no testimony having been given upon the count for libel. The count for verbal slander charged the defendant with having said that the plaintiff had "sworn a lie," averring somewhat loosely in the colloquium and inuendo, that the charge was made and understood with reference to certain testimony given by the plaintiff "on points material" to a charge which had theretofore undergone investigation before the grand jury of Polk county, and was intended and understood to impute to the plaintiff the crime of perjury.

The defendant having pleaded the general issue, and also a special justification, it was proven upon the issues thereupon joined, that the defendant had said of the plaintiff, that if he (plaintiff) had sworn what he (defendant) had heard he had, he (plaintiff) had sworn a lie; and upon being answered by the grand juror with whom he was conversing, that he (plaintiff) had sworn pretty much as he (defendant) had heard and just related, the defendant called the attention of others who were near by, and pronounced the charge *direct* that the plaintiff had "sworn to a lie." There was other testimony designed to show that the defendant was understood by others present as having made the charge hypothetically, or "conditionally" only, and this was the substance of all the evidence.

The court instructed the jury to the effect, that if, after taking into consideration every thing which was said by the defendant at the time of speaking the words, they believed they were spoken hypothetically, or were not designed to charge the plaintiff with perjury, they would find for the defendant; but that if they believed otherwise, and that they were spoken with reference to the testimony given by the plaintiff before the grand jury, touching a prosecution pending before that tribunal, they would find for the plaintiff. No objection was made to the instructions, as indeed none could. have been reasonably entertained, at least on the part of the defendant.

The jury having found the issues for the plaintiff, and assessed damages accordingly, the defendant moved to set aside the verdict and award a new trial, upon the grounds that it was against the testimony, the instructions and the law; and for overruling that motion, the defendant has made himself plaintiff in error in this court.

No proper foundation having been laid during the trial below for the application of the authorities to which we have been referred, they need, not, of course, he considered or remarked upon.

We consider that the point heretofore passed upon by this court, has been well renewed by the counsel for the defendant in error, namely, that as the instructions upon which the case was committed to the jury, were not objected to at the time, and in the motion for a new trial, the verdict which was found upon them cannot now be disturbed. The legal reliances and objections of parties must of course be properly brought to the *consideration* and submitted to the *judgment* of the court below, before this court can have any proper *appellate* jurisdiction of them.

As to the verdict of the jury, it is of course not material whether

they found the issue as we would have done, provided there was evidence (as there was) upon which they might find as they did. Whilst the constitution and the laws continue so justly to regard the concurrence of the jury box as a safer and more reliable abiter of the facts in issue than the bench can be, the case must be a strong one, indeed, in which this court would overturn, not merely the finding of such a tribunal, but the subsequent acquiescence of the Judge who tried the cause. Upon the whole case therefore, the judgment of the circuit court is affirmed