## POWERS vs. ALLEN.

| 14 | 367 |
| 122 | 599 |
| 123 | 198 |

1. Objections to instructions cannot, for the first time, be taken on a motion for a new trial. The record must show that exception was taken to them, at the time they were given; otherwise they will not be remanded by the supreme court.

### APPEAL from Franklin Circuit court.

FUSSELL, for appellant.

The consideration of the note was either for the unexpired term of Wm. Powers or to prevent Allen from publishing John A. Powers in the Lynchburg papers or the combination of both considerations.

If the note was given upon the statement of Allen, that 15 months of his time was unexpired, then it was given upon the misrepresentation of Allen as to that matter, wilful it must be presumed, and he would not be entitled to recover only between a third and a fourth of the amount.

If the sole consideration of the note was the value of Wm. Powers' unexpired time it is contended that the plaintiff has no right to recover. Allowing that William did wrong in leaving Allen for arguments sake still the defendant was under no legal or moral obligation to compensate Allen for his time. It is laid down in all the books that a written promise to pay the debt of another or for an injury done by another after the debt has been contracted or the injury done is a nudum factum. Mills vs. Wyman, 3 Pick., 207; Cook vs. Bradley, 7 Conn., 57; Choff vs Thomas, 7 Cow., 358, Livingston vs. Rogers, 1 Cains, 583; Comstock vs. Smith, 7 John., 87; Leonard vs. Brenderbough, 8 John., 29; Hicks vs Burhans, 10 John 243.

If Allen and J. A. Powers had made a contract and Powers had agreed to give Allen $100, to release William, then the consideration of the note would have been good,

If the threat of publishing J. A. Powers in the Lynchburg papers was the true consideration either in whole or part of the note, it is too clear to need either argument or authorities

---

Powers vs. Allen.

---

to show that Allen ought not to recover. The criminal law of the country might well be invoked in such a case.

If the court should be of opinion upon the case as above stated with the authorities that Allen ought to recover for the value of William's services, still the judgment ought to be reversed for the reason that it should have been left to the jury to say what portion of the note was for nis services, and what portion was to prevent being brought into notoriety by being published in the Lynchburg papers.

It is a well settled law that when a note has two considerations, one good and the other bad a jury may determine the amount of the good consideration and find their verdict accordingly. Parish vs. Stone, 14 Pick., 198; 2 Kent Com., 467.

STEPHENSON, for defendant.

That a father is entitled to the service of the child until he is 21 years of age, and can dispose of his labor as he sees proper. Reeves' Domestic Relation p. 289.

That a child is the servant of his father until he arrives at the age of 21 years, and if the father chooses to do so he can place him to labor with any other master, and any one decoying or enticing him away is liable to an action for so doing; as also for harboring him if he leave voluntarily. Reeves' Domestic Relations, page 376.

That the father of Wm H. Powers having by parol agreement placed his son to labor with Richard M. Allen for three years; the decoying away of Wm. H. Powers or the harboring him after voluntarily leaving his master by John A. Powers, gave to Allen a right to sue for damages and the bond being in a consideration of the services of Wm. H. Powers and the further consideration of a forbearance to sue, or in consideration of an injury sustained by the promissee is for a good and sufficient consideration in law, and the recovery upon it was proper. Mullanphy vs. Riley, 10 Mo. Rep., 489; 8 Mo. R., 316.

BIRCH, J., delivered the opinion of the court.

The evidence in the case as prescribed in the bill of exceptions, is substantially as follows :

William Powers, a brother of the defendant, had been placed by his Father with Allen, the plaintiff, to learn the trade of a tailor. The testimony is somewhat conflicting and doubtful as to the length of time he was to remain and consequently the portion unfulfilled at the time he absconded, but it was proven that the defendant knew what the understanding was about the time it was originally entered into, and it is at least inferable from the correspondence between him and the plaintiff, which resulted in giving the note in suit, that they did not materially disagree as to the *value* of the time, to cover which the note was executed. It was proven that William, the apprentice, was persuaded, by letters from the defendant, who was his brother, to leave the service of the plaintiff, and that he procured him a situation in another town, where the defendant resided. There was conflicting testimony as to whether the apprentice was properly instructed and advanced during his stay with the plaintiff; and testimony was also admitted that he was

occasionally put to the performance of other business, about the tavern and stable of his master, going to mill, &c.

Immediately after the apprentice absconded, the plaintiff wrote a letter to the defendant, in which he charged him with having enticed away his brother—represented that his services for the remainder of his term were worth $300, but that if defendant would enclose his note for $100 at twelve months, the matter should be dropped, but that if he did not do so he would publish him in the newspapers. The defendant answered this letter before the arrival of his brother, signifying the probability that if his brother *came on* to him, and did not (as he might then already have done) conclude to *go back* to the plaintiff, he would send his note for the $100, and also, in a second letter, explain the reasons why he had acted as he had done. No such second letter appears in the record, but it is proven, that his brother did arrive at his house, a few days afterwards, and that thereupon he did make and forward to the plaintiff the note in suit.

The action was petition in debt, and the plea the statutory one.

The jury were instructed by the court, for the plaintiff, as follows :

1. The note sued on, purporting on its face to be for value received, the jury are bound to believe it for a valuable consideration, and the defendant is bound to prove no consideration, to avoid the payment.

2. If the jury believe from the evidence that the father of William H. Powers placed him with Allen for a definite period of time, to learn the tailoring business, by mutual agreement, verbal or written, said H. Powers had no right to leave Allen without the consent of Allen and his father; and if they further find that it was in consequence of the interference, connivance, or at the instance of John A. Powers he left the employment of Allen, and afterwards John A. powers gave his bond to Allen, to indemnify, in consequence of the injury received by his brother leaving the employ of Allen, they must find for the plaintiff.

3. The father of William H. Powers, he being a minor, had the entire control of him; and if the jury believe he placed him with Allen, as an apprentice for a definite period of time, and John A. Powers in any way interfered with the control of Allen over said W. H. Powers during his apprenticeship, so as to cause the plaintiff to sustain an injury, and they shall also believe the note here sued on was given in consideration of that injury, they are bound to find for the plaintiff the entire note and interest.

These instructions being unobjected to, at the time they were given, no point could be raised upon them, as was attempted in the motion for

29

a new trial in the court below, and of course none can be raised or entertained in this court.

Several other instructions were given at the instance of the defendant and some which he asked were refused. We deem it unnecessary, however, to copy a comment upon them, further than to state that had all been given which were asked, they could in no sense have changed the finding of the jury, under the first instruction which was given at the instance of the plaintiff, and which (as before remarked) was unobjected to by the defendant.

The judgment of the Circuit Court is therefore affirmed.