MARTIN BOYSE, Respondent, *v.* CALVIN C. BURT, GARNISHEE, Appellant.

*Practice.*—The Supreme Court will not pass upon objections which were not presented and passed upon by the court below.

*Appeal from St. Louis Law Commissioner's Court.*

*F. Minor,* for respondent.

*F. Spies,* for appellant.

DRYDEN, Judge, delivered the opinion of the court.

This was a controversy originating in a justice's court, between Boyse, the execution creditor, and Burt, a garnishee of Baker, the execution debtor. The garnishee, by his answer before the justice, admitted his indebtedness to Baker for goods sold him by the latter, in the sum of $165.15. The plaintiff recovered judgment for the amount of his execution debt, and Burt appealed to the Law Commissioner's Court, where a trial *de novo* was had, resulting in a judgment as be-

fore the justice, from which Burt has appealed to this court. After the case came into the Law Commissioner's Court, the garnishee presented his affidavit, by which he denies that his answer was such as is shown by the docket and proceedings of the justice; but says the answer made was to the effect that he had purchased goods from Baker to the amount of $165.15, and which remained unpaid, " and that he does not know to whom the amount for said goods is due, not knowing whether Baker, in selling the goods, acted as agent for the owner thereof or otherwise."

Although the purpose of the affidavit probably was to secure the permission of the court to amend the answer, yet the record fails to show that any amendment was made, or that leave was even asked to that end, and the answer filed before the justice must therefore be regarded as the answer in the case.

An interplea by one Cormerais, claiming the ownership of the effects attached, appears among the papers of the case before the justice; but no notice of it whatever was taken on the docket of the justice, nor was there any action had concerning it in the Law Commissioner's Court, nor anything asked to be done in regard to it by the interpleader.

There is no point saved in the record that would justify this court in interrupting the judgment of the court below. The proceedings in the case are by no means devoid of errors and irregularities; but, as the garnishee did not deem them of sufficient importance to induce him to call the attention of the lower court to them and ask their correction there, we are not warranted in taking notice of them here, it being an inflexible rule of practice in this court to consider no question not raised in the lower court. The only exception found in the record is to the refusal of the court to grant a new trial; and as for any ground assigned in the motion, we have no hesitation in saying the new trial was properly overruled. The grounds assigned, or such of them as bring any matter to the attention of the court, relate to the supposed insufficiency of the evidence to sustain the verdict. As has al-

ready been seen, the answer expressly confessed the indebt-
edness of the garnishee, and no evidence was therefore need-
ed to sustain the recovery, and none could properly be ad-
mitted in opposition to it.

The main ground urged in this court for the reversal of
the judgment, is that the judgment having been rendered
before the interplea was disposed of, was prematurely render-
ed.   The rule is that an interplea must be determined before
judgment against the garnishee; but I have some doubt wheth-
er the rule has application to a case like this, where the gar-
nishee neither informs the court that there is a contest as to
the ownership of the fund garnisheed, nor asks the judgment
of the court on the claims of the contestants for his protec-
tion, but by his answer unreservedly admits his responsibility
to the execution debtor.   But, however this doubt may be re-
solved, it is sufficient in this case that the appellant, not hav-
ing made the objection in the lower court, it comes too late
here.   And, further, as the appeal engaged the attention of
the Law Commissioner's Court for three or four successive
terms before the final judgment, and as no action was ever
asked by the interpleader to be taken in that court, and as
none was taken on the interplea, it is fair to presume the in-
terpleader had abandoned his claim and suffered a discontin-
uance.

The other judges concurring, the judgment is affirmed.