ULYSSES TURNER *et al.*, Plaintiffs in Error, *v.* CHARLES KELLER *et al.*, Defendants in Error.

*Executions—Judgments.*—The act of March 3, 1863 (Sess. Acts 1863, p. 20) did not authorize a party to sue out an execution upon a judgment which had been rendered for more than five years, without an order of court, made in compliance with the provisions of the statute—R. C. 1855, p. 904, §§ 13, 14.

*Error to Cass Circuit Court.*

*F. P. Wright*, for plaintiffs in error.

I. The first execution was issued within a year, and returned unsatisfied in part. The common law rule is, that where an execution has thus been issued and returned, another can issue at any time without a *scire facias*, and without the old practice of entering continuances, which, being a matter of mere technical form, has been dispensed with long ago—2 Tidd Prac. 1102 ; Jackson v. Thompson et al., 9 Johns. 390 ; Downsmore v. Potter, 1 Mo. 368 ; 9 Mo. 710 ; 6 Mo. 361. Our statutory provisions, exclusive of the act of March 23, 1863, are, (1.) that the party in whose favor a judgment is rendered may have execution in conformity to such judgment—R. C. 735, § 1 ; (2.) by section 12, p. 904, a judgment may be enforced by execution within five years after entry ; and (3.) by section 13, after the lapse of five years, and within ten years from the entry of the judgment. Where there is no lien in existence, an execution can only be issued by leave of the court, on motion, with notice to the adverse party.

The common law, as above stated, was pursued until 1849, when the provision requiring the motion and notice after the lapse of five years, was enacted—Clemens v. Brown et al., 9 Mo. 710 ; Lindell v. Benton, 6 Mo. 361 ; Downsmore v. Potter, 1 Mo. 368. The 13th section, before referred to, does not require a motion and notice where there is a lien in existence. By the act of March 17, 1863, liens are extended from three to five years—p. 24. By the act of March

23, 1863, p. 20, liens, where executions had previously issued and returned not satisfied in full or in part, are revived and declared to be in full force, and such liens are to continue until the executions are satisfied. It is made the duty of clerks to issue new executions in such cases, and in case levies have been made, to recite such levies in the renewed executions—reciting the former executions, and commanding the sheriff to levy upon additional property in case the first levy is not sufficient, but first to exhaust the first levy. The new execution is in effect a *venditioni exponas*. The common law in these cases is revived, and the necessity of a motion and notice is dispensed with by this new act—2 Tidd, 1102, 1104; 9 Johns. 390; 9 Mo. 710; Stat. 1863, pp. 20, 24.

*Ryland & Son*, for defendants in error.

The judgment in this case being rendered at the April term of the Cass Circuit Court, in A. D. 1859, had ceased to be a lien on the real estate of the defendants at the time of issuing the second execution, in February, 1866, and consequently no execution could be issued lawfully on it without leave of the court being first had, on notice given to the defendants—R. C. 1855, p. 904, §§ 13, 14. The lien in this case did not exist by virtue of the levy made on the first execution any longer than during the time it necessarily took to execute the writ. After the levy and no sale, a *venditioni exponas* was the only way to reach the property levied on, and this writ of *venditioni exponas* must be obtained by leave of the court—Lackey v. Lubke, 36 Mo. 120. The alias writ in this case derives no vitality from the act of 23d of March, 1863. The alias writ is not issued in accordance with this act. The first section of the act of 1863, so far as it has a retrospective operation, is unconstitutional and void—33 Mo. 287; Dash v. Van Kleek, 7 Johns. 477; 6 Cow. 642; 9 Cow. 641; 1 Comst. 129; 19 Johns. 58; 3 Barb. 196; 5 Pick. 65; 4 Mo. 50;

22—VOL. XXXVIII.

17 Mo. 529 ; 31 Mo. 205 ; 8 Mo. 142 ; Smith Com. pp. 289, 293, 531, 540.

There being no lien of the judgment, the levy had no power to create a lien ; nor to continue a lien about to expire, any longer than the time necessary to execute the writ on which the levy was made—Lackey v. Lubke, 36 Mo. 122. There was in this case neither judgment nor levy in force, and the second execution was issued without authority of law, and was properly quashed. A writ of *venditioni exponas* only issues by order of the court—not on the mere *præcipe* of the plaintiffs. The plaintiffs should have given the proper notice, filed the proper affidavit, and then obtained the order of the court for the writ to make the debt evidenced by the judgment in this case. Having waited from October, 1859, until February, 1866, more than six years after the return day of the first execution, they have no right to this second execution ; a sale under it, and a deed by the sheriff to a purchaser, after such a sale, would be void—Lackey v. Lubke, 36 Mo. 122. The lien of the judgment in this case expired in three years from its rendition, or at all events in three years from the end of the April term, 1859. There was no lien in March, 1863. The first section of the act of March 23, 1863, cannot reach back ; it must look prospectively ; it has no power to revive a dead lien ; the Legislature can give it no such power—State ex rel. Orr v. Auditor, 33 Mo. 287, and authorities there cited.

HOLMES, Judge, delivered the opinion of the court.

The question arises upon a motion to quash an execution. The plaintiffs obtained judgment in the Circuit Court of the county of Cass, on the 7th day of April, 1859, upon which an execution issued, and was levied upon real estate of the defendants, but was, on the 30th day of August following, returned unsatisfied by order of the plaintiffs, the sum of four hundred dollars having been paid and credited thereon. Afterwards, on the 6th day of February, 1866, the plaintiffs

sued out a new execution upon this judgment, proceeding under the provisions of the act of March 3, 1863, in relation to executions, which they supposed applicable to the case, and without any revival of the judgment lien, and without leave of the court on motion and affidavit, as required by the statute when an execution is to be issued after five years, and before ten years have elapsed, since the rendition of the judgment—R. C. 1855, p. 904, §§ 13, 14.

The decision of this case depends wholly upon the construction which is to be given to the first section of the act of March 3, 1863. (Sess. Acts 1863, p. 20), which reads as follows:

" § 1. That all executions heretofore issued and not satisfied, either in whole or in part, and all liens which accrued in virtue thereof, are hereby revived and declared to be of full force, and that said liens shall exist and continue, according to the priority of said executions, until the same are satisfied; and that in all cases where said executions have been returned not satisfied, either in whole or in part, it shall be the duty of the clerks to issue new executions, referring to the former ones, and in case levies have been made, to recite such levies in said renewed executions, and authorize and command the officer to whom such renewed executions are directed to levy such renewed executions upon additional property, if the former levy shall be deemed insufficient to satisfy such executions; but in case of sale of property under such executions, to first exhaust the original levy before selling any property embraced in such subsequent levy."

The act was evidently drawn by an unskilful hand, and is greatly wanting in clearness and precision. We must endeavor to ascertain, not merely what the Legislature intended to do, but what they have actually accomplished by the enactment as it reads. It is to be observed that the act was passed in a time of civil commotion, when, as we know from the public history of the country, the regular sessions of the courts, in some parts of the State, had been interrupted, and

sales of property levied upon under execution had been rendered impracticable for the time being. Levies had been made, and the liens of judgments and of executions had expired, or the executions had been returned unsatisfied, before a lawful sale could be made. It may be gathered from the general tenor of the act that it had reference, in some measure, to the state of things then existing; and we think it sufficiently clear that when it speaks of liens of executions which had accrued and were not satisfied, and declares them to be revived and continued in force according to their priority, whether they had been returned or not, and authorizing the clerks to renew them, reciting such former levies, and directing the sheriff to make additional levies where sufficient property has not been levied on before, it intends to refer to executions and liens which the disturbed condition of the country had prevented from being carried into effect in due course of law; or at least to executions which had then lately been issued. The language of the second and third sections, " that executions now issued," as well as the general scope and tenor of the whole act, would seem strongly to confirm this view. It supposes executions then issued, but, for some reason, not executed.

In this case, the lien of the judgment had expired before the act was passed; the five years during which an alias execution could be had without motion and notice had expired; and the execution which had been issued and partly satisfied had been returned unexecuted and unsatisfied, by express order of the plaintiffs themselves, long before the civil disturbances began. If the words of the act are comprehensive enough to embrace a case of this kind, they may as well be extended to all past time, and include an execution returned twenty years ago. Such a construction would be manifestly absurd. The phraseology of the statute does not necessarily require so large an interpretation, but may receive a more reasonable construction, in accordance with the limitations and restrictions above indicated. It is not necessary for us now to undertake to define the limit of its

operation with absolute precision; we need only say that it is sufficiently clear that it was not intended to include, and does not include, this case. The plaintiffs should have applied for leave of court, on motion and affidavit in accordance with the general statute. There was no error in quashing the execution.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.