————o————

MICHAEL WACK, Plaintiff in Error vs. ALFRED STEVENSON, JAMES W. SPARKS, ROBERT CARPENTER AND LEONIDAS W. SCOTT, Defendants in Error.

1. *Sheriff's deeds —Recitals—Judgments—Executions.*—A sheriff's deed set out fully certain judgments, and also set out certain executions, but failed to couple the executions with the judgments, but the names of the parties and the amounts, as set out, were identical. *Held,* that it was inferrable that the executions were on these judgments, and that such omissions are not fatal to the deed, inasmuch as they could mislead no one.

31—VOL. LIV.

Wack v. Stevenson, et al.

2. *Sheriff's sales—Executions, expiration of.—Venditioni exponas.*—A sale by a sheriff under a *venditioni exponas* on an execution, which may have expired, is void.

### Error to Lafayette Circuit Court.

*H. C. Wallace and Henry Flanagan,* for Plaintiff in Error.

I. This sheriff's deed shows that it was made in consummation of a sale made under a several execution in the nature of a *venditioni exponas,* issued under the act relative to executions, approved March 3rd, 1863.

II. The recitals in this sheriff's deed show authority to sell, and that the sale was made substantially according to law, which is all that the law requires. (Wagn. Stat., 612, § 54; Stewart vs. Severance, 43 Mo., 322; Carpenter vs. King, 42 Mo., 219; Buchanan vs. Tracy, 45 Mo., 437; Samuels vs. Shelton, 48 Mo., 444; Porter vs. Mariner, 50 Mo., 364; McCormick vs. Fitzmorris, 39 Mo., 24; Reed vs. Austin, 9 Mo., 722; Landes vs. Perkins, 12 Mo., 238; Carson vs. Walker, 16 Mo., 68; Waddell vs. Williams, 50 Mo., 216; Perkins vs. Dibble, 10 Ohio, 433; Sneed vs. Reardon, 1 Mar. [Ky.], 217; Natchez vs. Minor, 10 Sm. & Mar., 246; Hardy vs. Heard, 15 Ark., 184; McDonald vs. Gronefeld, 45 Mo., 28; Wood vs. Messerly, 46 Mo., 255.)

*W. D. Bush, with Ryland & Son, and X. Ryland,* for Defendants in Error.

I. The sheriff's deed failed to recite facts which the statute requires shall be recited in such a deed. (Wagn. Stat., 612, §§ 54 57; 36 Mo., 115; 37 Mo., 194.)

II. It does not recite the date of the execution under which levy was made. (6 Mo., 361; 9 Mo., 718; 46 Mo., 432; 45 Mo., 28; 18 Mo., 580; 47 Mo., 356; 36 Mo., 115; 1 Mo., 368; 1 Mo., 518.)

*X. Ryland,* for Defendants in Error.

I. The deed did not show that the levies were made under executions subsisting in force at the date of said levies. It does

not appear from what judgments they were issued; the date of the judgments is not given, nor of the executions under which they pretended to make said levies, and even if said levies were valid when made, not being kept alive by law, they were not revived by the executions issued on the 11th of April 1864, under which the sale was made. (Wagn. Stat., 612, § 54; Tanner vs. Stine, 18 Mo., 580; Lackey vs. Lubke, 36 Mo., 115; Bank of Missouri vs. Bray, 37 Mo., 194; Turner vs. Keller, 38 Mo., 332; Stewart vs. Severance, 43 Mo., 322; McDonald vs. Gronefeld, 45 Mo., 28.)

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is the sufficiency of a sheriff's deed. The deed was offered in evidence by the plaintiff, and being excluded by the court, he took a non-suit with leave to move to set it aside. It is useless to set out the petition or the answers, as nothing was determined in regard to the merits of the case, and the plaintiff, having purchased from the purchaser at the sheriff's sale, evidently had no case, if the deed of the sheriff to his grantor was invalid. The only matter therefore to be decided is the validity of this deed, which is as follows:

"To all whom these presents shall come, I, Jacob A. Price, as sheriff of Lafayette county, send greeting: Know ye, that whereas Coleman Jeffries and Sarah A. Jeffries on the 9th day of November, 1860, recovered a judgment against Alfred Stevenson, William S. Renick and James S. Reeves, in the Circuit Court of Saline county, Missouri, for the sum of $956.04 for debt and damages and also for costs, and that whereas William H. Trigg, on the eighth day of November, 1860, recovered a judgment against W. S. Renick, John D. Reeves, Alfred Stevenson and James T. Reeves in the Circuit Court of Saline county, Missouri, for the sum of $1,671.08, for debt and damages and also for costs, and whereas heretofore certain writs of execution were issued from the Clerk's office of said county aforesaid, one in favor of Coleman Jeffries and Sarah A. Jeffries, and against Alfred Stevenson, W. S. Renick and

James T. Reeves, and the other in favor of W. H. Trigg and against W. S. Renick, John D. Reeves and Alfred Stevenson and James F. Reeves, and directed to the sheriff of Lafayette county, commanding said sheriff that of the goods, and chattels and real estate of the defendant, Alfred Stevenson, he should cause to be made the debts and damages and costs aforesaid, and to satisfy said executions; and whereas Gabriel M. Jacques, the then sheriff of Lafayette county, levied upon the following real estate (here it is described) on the fourteenth day of November, 1860, for one execution in favor of the said C. and S. A. Jeffries aforesaid, and levied upon the same real estate on the fourth day of January, 1861, on the execution in favor of W. H. Trigg, and said executions having been returned unsatisfied by the then sheriff of Lafayette county; and whereas, afterwards, to-wit: said land was levied on by Jacob A. Price, sheriff of Lafayette county, to wit: (here the land is described) on the seventh day of December, 1863, in satisfaction of an execution of the said C. and S. A. Jeffries aforesaid; and whereas, afterwards, to-wit: on the eleventh day of April, 1864, two writs of execution bearing said date were issued from the Clerk's office of said Circuit Court aforesaid, the one in favor of Coleman Jeffries and Sarah A. Jeffries and against said Alfred Stevenson W. S. Renick and James F. Reeves, and the other in favor of Wm. R. Trigg and against W. S. Renick, John D. Reeves, and Alfred Stevenson and James T. Reeves, directed to the sheriff of Lafayette county, commanding him, that of the goods and chattels and real estate of said defendant, Alfred Stevenson, heretofore levied upon by J. M. Jacques, late sheriff of Lafayette county, and by said Jacob A. Price on the 7th of December, 1863, he cause to be made the debt and damages and costs aforesaid, and to have the same before the Judge of said court on the 9th day of May, 1864; and whereas I, the said sheriff, did advertise said real estate, etc."

As no objection is made to the remaining portion of this deed, it is unnecessary to insert it.

There are the usual statements of the time and place of sale, the advertisement, notice etc.

Our statute requires the deed to recite the names of the parties to the execution, the date when issued, the date of the judgment, order or decree, and other particulars, as recited in the execution; also a description of the property, the time, place and manner of the sale.

There are no objections in this case to the description of the property, nor to the statement concerning the time, place and manner of the sale.

The two principal objections to the deed are: First, that the judgments, on which the original execution issued, are not stated, or rather that the orignal executions are not connected with any judgment at all, and second; that the dates of the original executions are not given, and therefore it cannot be seen whether they were valid, subsisting executions.

The first objection is literally sustained. The sheriff does not state that the executions he recites were on the judgments he recites; but it is very clear that he means this, for the names of the parties to · the judgments and executions are identical. It is not stated, that the executions were on these judgments in so many words, but it was clearly inferrable, and the judgments are set out and the parties to them and their date, and the amount of the judgments.

The omission to state, that the executions were on the judgments recited, could mislead no one, and is not therefore regarded as fatal to the deed.

The failure of the sheriff, to state in his deed the date of the executions recited, is a more serious objection. If the sale had been made under such executions, it would have been fatal. But in this case the sale was not made under the executions whose date is not given. The sale was under a *venditioni exponas*, the date of which is given; but if the executions, on which the *venditioni exponas* was based, might have expired, the sale of course would be void.

But the levies made on the original executions were made in November, 1860, and January, 1861, and the date of the judgments show, that such levies could not have been on executions that had expired. The judgments were obtained in

November, 1860. The sale was made in 1864, and evidently was based on the Act of March 3rd, 1863, which was construed by this court in the case of Turner vs. Keller, 38 Mo., 332.

The judgment will be reversed, and the cause remanded. The other Judges concur.