Carlisle v. The Keokuk Northern Line Packet Company.

----

CARLISLE *et al. v.* THE KEOKUK NORTHERN LINE PACKET COMPANY, *Appellant.*

1.   **Pleading:** NEGLIGENCE.  A petition which charges, in substance, that the defendant did not exercise due and proper care in the carriage of plaintiff's hogs, but on the contrary its officers, servants and agents carelessly, improperly and negligently managed and conducted defendant's steamboat, by reason of which careless, negligent and improper conduct of defendant, its officers, servants and agents said hogs were destroyed by fire and wholly lost to plaintiff, is sufficient.

2.   **Practice in Supreme Court:** INSTRUCTIONS. The Supreme Court will not consider any objection to instructions which is made for the first time in that court.   It is not error to refuse instructions when there is no evidence upon which to base them, or where they ignore material issues in the case or are embraced in others given.

*Appeal from Hannibal Court of Common Pleas.*—HON. THEODORE BRACE, Judge.

AFFIRMED.

*Fagg & Hatch* and *M. G. Reynolds* for appellant.

1.   The petition does not state facts sufficient to constitute a cause of action.   *Waldhier v. Railroad*

*Co.*, 71 Mo. 514. 2. The court erred in giving instruction number four, in behalf of plaintiffs, because it made defendant liable, even though guilty of no negligence, in the origin of the fire, or its efforts to extinguish it. 3. The court erred in giving instruction number five, in behalf of plaintiffs, as to the measure of damages, in peremptorily directing the jury, if they found for plaintiffs, to find interest on the amount at six per centum per annum. *Marshall v. Schricker*, 63 Mo. 308; *Kenney v. Railroad Co.*, 63 Mo. 99; *Atkinson v. Railroad Co.*, 63 Mo. 367; *Myer v. Railroad Co.*, 64 Mo. 542; *DeSteiger v. Railroad Co.*, 73 Mo. 33; *Sparr v. Wellman*, 11 Mo. 230; 3 Parsons on Contracts, (6 Ed.) 105; *Atchison v. Steamboat Dr. Franklin*, 14 Mo. 63; *Dozier v. Jarman*, 30 Mo. 216. The court erred in refusing defendants instruction No. 4, because it properly declared the law.

*Anderson & Boulware* for respondents.

1. The petition is sufficient. *Schneider v. Railroad Co.*, 75 Mo. 295. It is unlike that in *Waldhier v. Railroad Co.*, 71 Mo. 514. 2. Plaintiff's instruction No. 4, was proper. 3. Plaintiffs' instruction No. 5 is correct. It is well settled that in an action against a common carrier for failure to deliver goods according to contract, or for injuries to the goods during the transportation, resulting from the negligence of the carrier, interest is properly part of the damage. *Dunn v. Railroad*, 68 Mo. 278; *Gray v. Railroad Co.*, 64 Mo. 47 and cases cited. 4. Defendant's instruction No. 2 was properly refused.

EWING, C.—This suit was on a contract for the shipment of hogs for hire, and after necessary preliminary averments the petition proceeds: "And plaintiffs say that defendant did not deliver said hogs or any of them to plaintiff at said city of St. Louis, and did not exercise due and proper care in the carriage of the same; on the contrary, plaintiffs say

that said steamboat and the machinery, furniture and equipments thereof were imperfect and insufficient; that defendant, its officers, servants and agents carelessly, improperly and negligently managed and conducted said steamboat, Golden Eagle, during her said voyage. And plaintiffs aver and charge that by reason of said insufficiency and imperfection of said steamboat, the machinery, furniture and equipments thereof, and by reason of said careless, improper and negligent conduct of defendant, its officers, servants and agents, the said steamboat, together with the said hogs to plaintiffs belonging, were on the morning of the 31st of May, 1880, destroyed by fire, whereby said hogs and every one of them were wholly lost to plaintiff."

I.   It is insisted by the appellant that the petition does not state facts sufficient to constitute a cause of action. The substance of the charge is that " defendant did not exercise due and proper care in the carriage of the same ; on the contrary   *   *   that defendant, its officers, servants and agents carelessly, improperly and negligently managed and conducted said steamboat, Golden Eagle, during her said voyage.  And the plaintiffs aver and charge, that by reason of said   *   *   careless, improper and negligent conduct of defendant, its officers, servants and agents   *   *   said hogs   *   *   were   *   *   destroyed by fire   *   *   and wholly lost to plaintiff," etc.  A very different statement of a cause of action to that in *Wildhier v. Railroad Co.*, 71 Mo. 514.  In that case the petition is really unintelligible. It does not clearly show what the pleader was intending to allege.  Here, while the true cause of action is somewhat obscured by unnecessary words and charges, yet when stripped of this surplusage, the main charge of the loss and damage by the carelessness and negligence of the defendant and its agents and servants remains.  It is sufficient, we think, to notify the defendant what it must meet, while the evidence tends strongly to prove the averments of the petition and to show

negligence on the part of the defendant's agents in the origin of the fire, in the failure to use reasonable efforts to extinguish it, and in failing to make reasonable efforts to save the hogs after the landing of the boat.

II. It is insisted by the appellant, in this court for the first time, that the court below erred in giving the fifth instruction asked by the plaintiff. But on the trial of the case no objection was made to the giving of any of the instructions for the plaintiff, nor exceptions saved to the ruling of the court. In the motion for a new trial the giving of instructions for the plaintiff is not insisted on as error. The refusal to give instructions numbered one and two asked by the defendant, is assigned for error in the motion for a new trial, but no complaint is made of any other instruction on either side, hence this court cannot consider any objection to instructions which is made for the first time here. *Matlock v. Williams*, 59 Mo. 105 ; *Cowen v. Railroad Co.*, 48 Mo. 556; *Boyse v. Burt*, 34 Mo. 74 ; *Gordon v. Gordon*, 13 Mo. 215 ; *Powers v. Allen*, 14 Mo. 367.

III. The motion for new trial assigns as error the refusal of the first and second instructions asked by the defendant. There was no evidence on which to base the first instruction, and, moreover, it ignored all evidence of negligence, except as to efforts made to extinguish the fire. So with the second ; the jury are told that if the defendant's agents " used every effort in their power to extinguish the fire," they must find for the defendant. It leaves out of consideration any question of negligence as to the origin of the fire, and, also, any question of negligence as to reasonable efforts to save the hogs from the flames. Besides, these questions were fairly submitted to the jury in the third instruction given for the plaintiff and not objected to by the defendant.

The judgment is affirmed. All concur.