Gaines v. Fender.

---

## GAINES et al. v. FENDER, *Plaintiff in Error*

1. **Foreign Will**: EVIDENCE. A will of a sister state is not inadmissible in evidence here, because it has not been admitted to probate or recorded in the probate court of this state.

2. ———: ———. The will in this case, which was made in Kentucky, *Held* admissible in evidence here, against the objection that its admission to probate in Kentucky was not sufficiently authenticated.

3. **Former Appeal**: RES JUDICATA. The decision of this court in this cause, when here on a former appeal, (57 Mo. 342,) as to the sufficiency of the will to pass title to the land involved in this suit, is *res judicata*.

4. **Will**: POWER TO SEVERAL AS EXECUTORS, EXECUTION OF. Where a power in a will to sell land is given to several as executors, and not as persons, all need not act. The survivor or survivors may, in such case, lawfully execute the power.

5. **Sheriff's Deed**: RECITAL OF PARTIES TO EXECUTION. Where a sheriff's deed recites the parties to the judgment, and that the execution issued thereon, without again naming the parties, and it is clearly inferable that the execution was issued on the judgment named in the deed, the latter is not open to the objection that it fails to recite the names of the parties to the execution as required by the statute. R. S., ? 2392.

6. **Taxes, Sale of Land for**: STATUTE. The assessment and other proceedings under the act of the legislature of 1864, (Acts 1863-4, p. 84,) relating to the sale of land for taxes, must have been against the owner of the property.

7. **Practice**: INSTRUCTIONS; MOTION FOR NEW TRIAL. The action of the lower court in giving and refusing instructions, will not be reviewed in the Supreme Court, unless it is assigned for error in the motion for new trial.

8. **Supreme Court, Practice in.** The Supreme Court will not review facts passed upon by the lower court, sitting as a jury.

32—82

| | |
|---|---|
| 82 | 497 |
| 34a | 416 |
| 35a | 403 |
| 35a | 525 |
| 82 | 497 |
| 36a | 339 |
| 38a | 657 |
| 82 | 497 |
| 39a | 297 |
| 41a | 330 |
| 41a | 414 |
| 41a | 527 |
| 82 | 497 |
| 43a | 229 |
| 82 | 497 |
| 46a | 546 |
| 82 | 497 |
| 49a | 397 |
| 51a | 523 |
| 82 | 497 |
| 58a | 100 |
| 82 | 497 |
| 66a | 651 |
| 82 | 497 |
| 68a | 267 |
| 70a | 597 |
| 82 | 497 |
| 72a | 225 |
| 82 | 497 |
| 74a | 384 |
| 75a | 275 |
| 82 | 497 |
| 76a | 115 |
| 82 | 497 |
| 86a | 289 |
| 82 | 497 |
| 165 | 658 |
| 90a | 348 |
| 82 | 497 |
| 93a | [8]567 |
| 93a | [8]568 |
| 82 | 497 |
| 172 | [8]608 |

*Error to Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*H. Lander* for plaintiff in error.

(1) The lower court erred in admitting as evidence the copy of Morrison's will, and in holding the same sufficient to convey or dispose of the land in question. (2) The court also erred in admitting in evidence the deed of Henry Clay to Beckett. A foreign executor as such cannot convey lands in Missouri. *Cabanne v. Skinker*, 56 Mo. 367; *McCarty v. Hall*, 13 Mo. 480. The power given to Clay and Wickliff was accompanied by a personal trust and confidence, and the two should have joined in the conveyance. *Cole v. Wade*, 16 Ves. 27; *Tainter v. Clark*, 13 Met. 220. (3) The sheriff's deed to Ray was improperly admitted in evidence. The names of the parties to the execution should have been recited. *Davis v. Kline*, 76 Mo. 310; *Wilhite v. Wilhite*, 53 Mo. 71; *McCormick v. Fitzmorris*, 39 Mo. 31; *Tanner v. Stine*, 18 Mo. 580. (4) The tax deed of June 14th, 1875, offered in evidence by defendant, should have been admitted. Although dated after the commencement of the suit, it relates back to October 1st, 1868, the time of the tax sale. Blackwell on Tax Titles, pp. 452, 454, *et seq.* The tax deed was sufficient under the statute and at common law. *State v. Mantz*, 62 Mo. 252. (5) The trial court erred in refusing to declare the law as asked in defendant's fourth declaration; and also in finding for plaintiffs below on the law and the evidence as regards the defense of two years' adverse possession under the statute of limitations applicable to military bounty lands. *Schultz v. Lindell*, 30 Mo. 310; *Clements v. Runckel*, 34 Mo. 41; *Smith v. Newby*, 13 Mo. 159; *Lander v. Perkins*, 12 Mo. 238; *Dessaunier v. Murphy*, 33 Mo. 148.

*A. W. Mullins* for defendants in error.

The questions sought to be raised by plaintiff in error as to the legal effect of the Morrison will and its admissibility in evidence, are *res judicata*. *Gaines v. Fender*, 57 Mo. 342. The will was duly probated and admitted to record in Fayette county, Ky., and the probate of a will in another state is a judicial proceeding to the record of which full faith and credit should be given. *Haile v. Hill*, 13 Mo. 612; *Bradstreet v. Kinsella*, 76 Mo. 63. The objection that there was no judicial sentence of probate is not well taken. The evidence of the subscribing witnesses to the will upon which it was admitted to probate need not be recorded. *Charlton v. Brown*, 49 Mo. 353; *Bright v. White*, 8 Mo. 421. It was not necessary in order to the admission of the copy of the will, that such will should have been admitted to probate in this state or recorded in the office of such court, or, indeed, that it should have been recorded in the recorder's office, as it was, of the county where the land lies. *Lewis v. The City of St. Louis*, 69 Mo. 595; *Bradstreet v. Kinsella*, 76 Mo. 63. Of the several persons nominated and appointed executors by the will, Mr. Clay was the only one who qualified, and the conveyance by him to Beckett was a sufficient execution of the power contained in the will. *Dilworth v. Rice*, 48 Mo. 124; *Evans v. Blackiston*, 66 Mo. 437; *Gaines v. Fender*, 57 Mo. 342. The recital in the sheriff's deed to Ray as to the parties to the execution was sufficient. The court did not err in excluding the tax deed, as the evidence showed that the judgment in the tax suit was against James Tower, as owner, whereas he was not the owner, he having conveyed it to James Morrison, April 3, 1819, and the deed was recorded July 14, 1819. *Hume v. Wainscott*, 46 Mo. 145. The defendant's motion for a new trial did not complain of the action of the court in refusing declarations of law and questions thereon cannot be raised here. *Matlock v. Williams*, 59 Mo. 105.

EWING, C.—On the 29th day of February, 1872, plaintiff commenced an action in ejectment in the circuit court of Linn county, afterwards transferred to Macon, to recover possession of the northwest quarter of the northeast quarter of section 36, township 57, range 21. The defendant denied all the allegations of the petition, except that he was in possession, and claimed ownership and title.

The plaintiff offered in evidence :

1. A copy of a patent from the United States to James Tower, dated the 6th of March, 1819, for the whole quarter section, being military bounty land.

2. Certified copy of deed from Tower to James Morrison for whole quarter, dated April 3, 1819. Recorded in Howard county July 14, 1819, when the land in question was part of Howard county.

3. Next read, against defendant's objections, what purported to be a copy of the will of James Morrison, dated December 21, 1820, and claimed to have been probated in Fayette county, Kentucky, in 1823. The will has this clause :

" I devise to Joseph Beckett, husband of my niece, formerly Jane Holmes, $3,000 worth of land, to be valued to him according to the valuations contained in the aforesaid list." And this clause : " I vest in my executors my whole real estate in trust in fee simple to enable them to carry into effect my will ; with power and authority to convey such parts thereof as I have devised in fee simple ; and with power and authority to sell and convey the residue thereof, including that which will revert to my estate upon the death of my wife for the purposes of my will, and whenever my said executors shall deem proper. But no sale of any portion thereof to be valid without the concurrence of either Henry Clay or Robert Wickliff, two of my executors hereinafter named." Then this clause: " That the land allotted to each devisee shall be designated to each devisee by Henry Clay and Robert Wickliff, and their

umpire if they cannot agree." Then this clause : " I do nominate and appoint my wife, Esther Morrison, executrix, and Henry Clay, Robert Wickliff, Farmer Dewese and Richard Holmes executors of this my last will and testament."

To which copy are the following certificates :

1. " Fayette County, Sct. May Court, 1823. This last will and testament of James Morrison, deceased, was this day produced in open court, and proven by the oath of Frederick Ridgeway, Hugh Foster and Benjamin Gratz, the three subscribing witnesses thereto, and ordered to be recorded, and the same is therefore truly recorded in my office.

Attest :                           JAMES C. RODES, Clerk."

2. Then follows a certificate by the clerk that the schedule of lands which accompanied the will was duly recorded directly after the will.

3.

" STATE OF KENTUCKY, ⎫ ss.
    Fayette County,      ⎭

" I, Allie G. Hunt, clerk of the county court of the county aforesaid, certify that the foregoing contains a correct copy of the last will and testament of James Morrison, deceased, with the certificate of probate of said will, and schedule list of lands as fully and fair as the same appears from the record, and on file in my office.

" Given under my hand and official seal this 25 day of July, 1875.

{ L. S. }                         . ALLIE G. HUNT, Clerk."

4. Then follows the certificate of Benj. F. Graves, presiding judge of the Fayette county court, that Allie G. Hunt is clerk and that his attestation is in form as required by the act of congress in relation to certifying judicial proceedings of one State to be used in another.

This copy of the will and certificates numbers 1 and 2

were recorded in the recorder's office of Linn county on the 8th day of December, 1874.

Plaintiffs then read the statutes of Kentucky relative to wills, and defendant insisted, and now insists on the following objections to reading a copy of said will: 1st, No sufficient evidence that the supposed will was ever probated in Kentucky or elsewhere, there being no certified copy of *the will, together with the probate thereof*, furnished.

2. That the will is not properly authenticated, either under the laws of this State or the act of congress, there being no *judicial sentence of probate* certified or found on the paper.

3. That the will, nor copy thereof, has ever been admitted to probate or recorded in any county in this State.

4. That the will, not having been probated or recorded in this State for more than fifty years after its alleged execution, should be regarded abandoned as a source of title. All these objections the court overruled.

Plaintiffs next read, against defendant's objection, a deed by Henry Clay, executor, to Joseph Beckett, dated November 8, 1823. Recorded in Chariton county September 10, 1826, when the land was a part of Chariton county.

This Clay deed was objected to :

Because the foreign executor had no power to convey the land, he never having qualified as such under the laws of Missouri. Because the power in the will was not well executed by one of five executors, no facts being shown to authorize a survivorship to one executor.

Plaintiffs next read deeds from Joseph Beckett to Thomas Arnold, dated September 15, 1832, recorded in Chariton county November 4, 1834. And Thos. Arnold to Don Carlos Buckland, dated March 5, 1840, recorded in Linn county April 19, 1841 ; these deeds all covering the whole quarter section.

Next read a sheriff's deed by the sheriff of Linn county, to R. D. Ray, dated April 19, 1841, recorded in Linn county April 21, 1841, which sheriff's deed was prop-

erly acknowledged and recorded in Linn county on the 21st of April, 1841.

Defendant objected to the sheriff's deed :

Because it does not contain the requisite recitals to make it evidence under the law. Because it does not recite the names of the parties to the execution under which the sale was made.

Next read deeds from R. D. Ray to Alfred Ray, dated January 14, 1842, recorded in Linn county July 10, 1867, and Alfred Ray to Rob. S. Gaines, February 15, 1842, recorded in Linn county March 20, 1844. Next plaintiffs showed the death of Rob. S. Gaines in 1850 and that plaintiffs were his heirs at law. Here plaintiffs rested.

Defendant's case is this :

For color of title to base adverse possession for two years under statute of limitations applicable to military bounty land, he read : 1. Register's deed to W. H. Brownlee, dated October 6, 1865. Sale for taxes, first Monday of October, 1863, for taxes of 1862. Recorded October 16, 1865, in Linn county. 2. W. H. Brownlee to B. Lombard, dated November 9, 1866. Recorded in Linn county, November 29, 1866. 3. B. Lombard to H. Lander, dated December 9, 1868. Recorded January 14, 1869, in Linn county. 4. Collector of Linn county, Missouri, to H. Lander, tax deed dated December 1, 1866, reciting sale Monday, October 1, 1864, for taxes of 1863. Recorded in Linn county April 3, 1868. All the foregoing deeds, both for plaintiffs and defendant, covered the quarter section. 5. A bond for a deed from H. Lander to defendant for the 40 acres in question, dated October 1, 1867. 6. Defendant next offered *as title* a tax deed from the collector of Linn county to H. Lander, dated June 14, 1875, reciting a sale of the whole quarter section for taxes, Monday, October 1, 1868, for taxes of 1867. Recorded June 14, 1875, in Linn county. Which deed was duly acknowledged before the clerk of the county court of said county on the 14th day

of June, 1875, and duly recorded in Linn county on the same day of its date.

To the reading of which plaintiffs objected as follows: 1. The land was not assessed against any one as appears from the face of the deed. 2. The tax deed does not show that any owner of the land was notified for judgment. 3. The deed does not state the amount of the judgment. 4. The deed does not show when the collector made his return. The court against said objections admitted the deed as evidence of title, and plaintiffs excepted.

Plaintiff then offered evidence that the land was assessed to James Tower, as owner, notice for judgment given, and the judgment rendered against James Tower. That he was not the owner, having conveyed it to James Morrison April 3, 1819, and which deed was recorded July 14, 1819. The court then excluded the tax deed and rendered judgment for the plaintiffs from which the defendant sues out a writ of error to this court.

I. The first objection to the will of Morrison as evidence, seems to be that there was no judicial sentence of probate in Kentucky, and hence not probated or proven according to the laws of Kentucky. The record shows this statement immediately following the copy of the will and the names of the subscribing witness thereto:

"Fayette county, sct. May court, 1823. This last will and testament of Jas. Morrison, deceased, was this day produced in open court and proved by the oath of Frederick Ridgeway, Hugh Foster and Benjamin Gratz, the subscribing witnesses thereto, and ordered to be recorded; and the same is therefore truly recorded in my office.

Attest: JAS. C. RODES, Clerk."

Then comes the legal certificates of the clerk and presiding justice of the Fayette county court. All of which appears to have been recorded in the recorder's office of Linn county, Missouri.

It was not necessary in order to the admission of the copy of the will, that such will should have been admitted

to probate in this State, or recorded in the office of such court. *Lewis v. The City of St. Louis,* 69 Mo. 595; *Bradstreet v. Kinsella,* 76 Mo. 63. See, also, *Bright v. White,* 8 Mo. 421; *Haile v. Hill,* 13 Mo. 618. The only objection to its authentication was that there was " no judicial sentence of probate certified or found on the paper." The foregoing purports to be a properly authenticated copy of the record of the Kentucky court admitting the will to probate, which is all that would seem to be required.

II. The next objection made by the plaintiff i error is that the will is not sufficient to convey land in Missouri. This question is not open for inquiry here. It is *res judicata.* This case was here in 1874, 57 Mo. 342, where it is said: " This will was objected to by the defendant on the ground that all evidence in the cause does not aid the description or supply proof of identity as to the land in controversy; and, 2d, That all the evidence fails to furnish sufficient proof that the land in question ever passed by the will. * * We are of the opinion that by a fair construction of the whole instrument, the land in controversy is properly included and passed by the will to the executors to answer the bequests made."

III. It is insisted that the deed made by the executor, Mr. Clay, alone is not valid. That the will showing the appointment of several as executors, one cannot act. This must depend upon the construction of the will. If it creates a power by name to the executors—a mere naked power—it cannot be executed by one, all must act. Story's Eq. Jurisp., sec. 1062. But if coupled with an interest, or trust, then the survivor or survivors may lawfully execute the power. *Franklin v. Osgood,* 14 Johns. 526; Story's Eq., § 1061; *State to use Watts v. Boon,* 44 Mo. 254, and authorities there cited. If a testator should give A and B authority to sell his real estate, and should appoint them his executors, the survivor could not sell. But if he should direct his *executors* to sell and should appoint A and B his executors, the survivor could execute the power and sell. Story's Eq.,

sec. 1062; *Butler & Hargrave's*, n. 2, 1—Coke Litt. 113 a. In the case at bar the clause in the will is: " I vest in my executors my whole real estate in trust in fee simple, to enable them to carry into effect my will; with power and authority to convey such parts thereof as I have devised, in fee simple.   *   *   *   But no sale of any portion thereof to be valid without the concurrence of either Henry Clay or Robert Wickliff, two of my executors hereinafter named.   *   *   *   That the land allotted to each devisee, shall be designated to each devisee by Henry Clay and Robert Wickliff, and their umpire if they cannot agree.   *   *   *   I do nominate and appoint my wife, Esther Morrison, executrix, and Henry Clay, Robert Wickliff, Farmer Dewese and Richard Holmes executors of this my last will and testament."

The power here is given to the executors, and not to the persons. It is a power granted for the benefit of the heirs of the testator and, therefore, a trust, and not a naked power. Story's Eq., sec. 1062; 14 Johns. *supra.*

The deed then purports to be "between Henry Clay, only acting executor of James Morrison, deceased, and Esther Morrison, Robert Wickliff, Farmer Dewese and Richard Holmes, nominated but who have not qualified or acted as executrix and executors, of the said Morrison." And again: " And whereas the said Henry Clay, acting executor aforesaid, with the assent of the said Robert Wickliff," etc.   It is then signed "Henry Clay, only acting executor of James Morrison, deceased," and also signed and acknowledged by the other nominated, but non-acting executors.

The 25th section, 1 Ter. Law Mo., 925, provides that conveyance of lands and tenements to be sold in pursuance of will shall be made by the executors or such of them as shall undertake the execution of the same or by the surviving executors," etc.   If the title was vested in Morrison's executors, those alone who qualify and act, can be said to be executors.

IV.   The defendant objected to the introduction of the sheriff's deed to R. D. Ray, because, as is alleged, it does not recite the names of the parties to the execution as required by the statute, section 2392, R. S. 1879.   The deed contains this recital:  "That whereas, William Bell, John S. Evans and John Bell, on the 10th day of December, 1840, in the circuit court of Carroll county, Missouri, recovered judgment against one Don Carlos Buckland for the sum," etc., and, " On the 28th day of January, A. D. 1841, execution issued  *  *  *  upon said judgment." Here the names of the parties, to the judgment, its date and amount are  specifically set out in the deed ; that on a date thereinafter named  execution issued " on said judgment" without again naming the parties.   In this case, as in *Wack v. Stevenson*, 54  Mo.  481,  we think, it is "clearly inferable" that the execution was issued on the judgment set out in the deed, giving all the names and other requisites.   This omission to repeat the names of the parties in the deed, when no one could be possibly misled thereby, is not regarded as fatal to the deed.   In *Wilhite v. Wilhite*, 53 Mo. 71, the deed recited the judgment as against Chambers and Yates, as did also the execution, whereas the judgment was against Chambers alone.   Also that the judgment was for $350, whereas the judgment itself was for $350.50. The court held those were "matters of form and not of substance" and did not render the deed void.

V.   It is insisted by the plaintiff in error that the court erred in excluding the deed from the collector of Linn county to H. Lander dated June 14, 1875, under a sale for the taxes of 1867.   The plaintiffs objected to the introduction of this deed :

" Because the land was not assessed against any one as appears from the face of the deed.   It does not show that any owner of the land was notified for judgment.   It does not state the amount of the judgment, nor does it show when the collector made his returns."   This deed was made by authority of the act of 1864, Genl. St. 1865, p. 98,

and in opposition to its introduction as evidence of title, plaintiffs offered the assessor's books of Linn county, showing that the land in controversy was assessed to one James Tower and the judgment of the county court against said land for taxes.    The court thereupon excluded the deed as evidence of title.    This act of 1864 was passed upon by this court in *Abbott v. Lindenbower*, 42 Mo. 162, where it was held that under that act the assessment and other proceedings must be directed against the owner of the property.    The will of Morrison, and the deed from Clay, his executor, to Beckett, were recorded in the county, where the land was situated when filed for record, which is all that the registry laws require.    So, also, was the deed from Beckett to Arnold, whilst the other conveyances were not recorded in Linn county, and hence the assessor had the means before him to ascertain that the land did not belong to James Tower, who, the records show, was not the real nor apparent owner at the date of assessment.    *Hubbard v. Gilpin*, 57 Mo. 441 ; *Hume v. Wainscott*, 46 Mo. 145 ; *Abbott v. Lindenbower*, 46 Mo. 291 ; *Abbott v. Lindenbower*, 42 Mo. 162.

VI.    There are no instructions in the record for the plaintiffs, given or refused.    The defendant asked five instructions, four of which were refused and one given; but in the motion for a new trial no reference whatever is made to instructions on either side.    The attention of the court below was not called to the refused instructions as error, and according to the uniform practice of this court there can be no further notice taken here of such refusal. *Carlisle v. The Keokuk Northern Line Packet Co., ante*, p. 40; *Matlock v. Williams*, 59 Mo. 105 ; *Boyse v. Burt*, 34 Mo. 74; *Cowen v. St. L. & I. M. Ry. Co.*, 48 Mo. 556; *Gordon v. Gordon*, 13 Mo. 215; *Powers v. Allen*, 14 Mo. 367.    It will not be improper, however, to remark that, after the rejection of the defendant's tax deed, dated June, 1875, it was error to give instruction number five for defendant to the effect that, that tax deed " is of itself *prima facie* evidence of title

to the land in question, and is sufficient to defeat plaintiffs' right to recover the premises in question." But, as the deed upon which this instruction was based had been excluded, and the trial was by the court, no harm came from the instruction, even if it had been referred to as error in the motion for a new trial.

VII. As to the question of adverse possession and limitation, the facts have been passed on by the court sitting as a jury, and in the absence of instructions this court will not undertake to review the facts. In *Hamilton v. Boggess*, 63 Mo. 233, Judge Napton said: "When a case is submitted to a court and a jury dispensed with, the facts upon which the court bases its judgment are incontrovertible here. This court has only the power to review the law declared by the court below, and when that court is intrusted with both the facts and the law, we must assume the facts to be as that court finds them."

Let the judgment be affirmed. All concur.