S. C. JAMES *et ux.*, Respondents, v. CHARLES R. HICKS, Appellant.

Kansas City Court of Appeals, May 21, 1894.

1. **Pleading**: EVIDENCE: VARIANCE. While the evidence in this case tended to prove that defendant agreed to pay bills for work, etc., only on approval of plaintiff, it did not in the remotest degree tend to prove an agreement to pay the same in the manner alleged in the petition and the evidence should have been refused admission.

2. **Trial Practice**: VARIANCE: SURPRISE: AFFIDAVIT. In case evidence is admitted and the defendant claims there is a variance between it and the pleading and he is surprised thereby, his affidavit is the test of surprise; and in this case it appears that defendant was misled to his prejudice by the variation and the referee's finding should have been set aside.

3. **Evidence**: INADMISSIBLE: EFFECT OF FINDING. The appellate court can not tell what effect the improperly admitted evidence had on the mind of the referee, or to what extent it influenced his determination of the issue, since he evidently did not regard it as improper but made it a basis of his finding.

4. **Law**: EQUITY: TRUSTEE: DEBTOR. Defendant owed one Hull thirty-seven hundred dollars, which he bound himself to pay for labor and material to go into a house which the latter built. By mutual agreement of all the parties, plaintiffs were substituted in Hull's place as defendant's creditors. *Held*, defendant was not the trustee for the plaintiffs but merely their debtor, and there was no confidential relations between them, nor was the burden cast upon him to account for and show what disposition he had made of the money he owed plaintiff; and, besides, the pleading disclosed an action at law to recover damages for breach of contract and not a bill in equity for an account.

5. **Frauds and Perjuries**: CONTRACT: DAMAGES. Statute of frauds can not be invoked by the defendant in this case as he had bound himself to pay out this money in a certain way to Hull, who had, with defendants' consent, assigned the contract to the plaintiffs, and if defendant failed to pay in the way and for the purpose he agreed and plaintiffs were damaged, they ought to recover.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED.

*Kinley & Kinley* for appellant.

The objections to evidence offered by plaintiffs, on the hearing before the referee, to the effect that "defendant agreed that if plaintiff James buys this property, every bill that I pay will have to be receipted and held in my desk with Dr. James' O. K.," should have been sustained by the referee, and the defendant's exceptions to the findings of fact of the referee, and those applicable to the introduction of this evidence complained of, and to the variance between the allegations of the petition and the proof and findings should have been sustained by the court, because both of a failure of proof and a fatal variance. Thompson on Trials, sec. 2251; *Merle & Co. v. Hascall,* 10 Mo. 406; *Robinson v. Rice,* 20 Mo. 235, par. 3; *Pensenneau v. Pensenneau,* 22 Mo. 27–35; *Lindsay v. Davis,* 30 Mo. 412; *Dougherty v. Mathews,* 35 Mo. 520–528; *Harris v. Railroad,* 37 Mo. 307–309; *Jones v. Louderman,* 39 Mo. 287, 288; *Buffington v. Railroad,* 64 Mo. 248; *Carson v. Cummings,* 69 Mo. 325; *Harty v. Railroad,* 95 Mo. 368; *Waldhier v. Railroad,* 71 Mo. 514; *Nichols, Shepherd & Co. v. Larkin,* 79 Mo. 271, par. 1; *Jackson v. Harden,* 83 Mo. 186, 187; *Priest v. Way,* 87 Mo. 16; *Fuerth v. Anderson,* 87 Mo. 354; *Reed v. Bott,* 100 Mo. 62; *Johnson v. Moss,* 42 Cal. 515; *Flanagan v. Wilmington,* 4

Houst. 548; *Pennington v. Reilly*, 44 Mo. App. 261; *Trimble v. Stewart*, 35 Mo. App. 537; *Gray v. Race*, 51 Mo. App. 553. (2) The affidavit of surprise filed by defendant showing both in what manner he was surprised and how he was prevented from making his defense to the cause tried, should have entitled him to have the finding set aside, with an order of the court for plaintiffs to amend their petition and have given defendant an opportunity to defend on the pleadings as amended. The affidavit is the *test* of surprise. *Fischer v. Max*, 49 Mo. 404; *Turner v. Railroad*, 51 Mo. 509; *Willis v. Sharp*, 57 Mo. 56; *Ely v. Porter et al.*, 58 Mo. 160, 161; *Myer v. Chambers*, 68 Mo. 628. (3) The finding of the referee that the defendant held the money for the erection of the house purchased by plaintiffs as a trustee, and that it devolved on the defendant to show what part of the money claimed to be due as part of the money to build the house of plaintiffs, was clearly wrong, as there was no such issue made by the pleadings, but it was practically changing a suit for damages for breach of contract to a suit in equity for an accounting, and the court should have sustained the exceptions to the report of the referee for reasons therein given. *Johnson v. Moss, supra; Nichols, Shepherd & Co. v. Larkin, supra; Harris v. Railroad*, 37 Mo. 307. The case made by the referee, if otherwise correct, would be an equitable action, while the suit brought was a legal action for damages for violation of a certain contract. *Leeper v. Taylor*, 111 Mo. 317.

*Fyke & Hamilton* for respondents.

(1) The finding of the referee stands as the verdict of a jury, and, where there is any evidence to sustain it, it will be supposed that the whole evidence was properly weighed and the requisite effects given it. *The Wiggins Ferry Co. v. Railroad*, 73 Mo. 419; *Benev-*

*olent Ass'n v. Critten*, 48 Mo. 37; *Franz v. Dietrick*, 94 Mo. 95; *E. Woodrow v. W. H. H. Younger*, 61 Mo. 395; *The State ex rel. Howard Co. v. Berkhart*, 83 Mo. 432; *Railroad v. Carlyle*, 94 Mo. 168. (2) If there was any variance between the pleadings and the proof it was immaterial, and should be disregarded. *Olmstead v. Smith*, 87 Mo. 602; *Crawford v. Trouman*, 13 Mo. 579. (3) Defendant had in his possession the money belonging to this house, and the burden of proof is upon him to show how he disbursed the same and if he so confused his accounts as to unable him to tell how much he paid upon one house, and how much he paid on another, it is his own fault, and certainly the plaintiffs should not be made to suffer by reason of his negligence. The burden of proof should be upon him to show specifically how he disbursed each dollar which he held in his hands, as trustee for plaintiffs' house. The findings of fact by the referee, and his conclusions of law are just and righteous, and the judgment of the court should be affirmed.

SMITH, P. J.—This suit was brought by plaintiffs, who are husband and wife, against defendant to recover damages for an alleged breach of contract. It appearing to the court that the cause involved the examination of a long account, it was by consent of parties thereto referred to R. E. Ball, Esq., to hear the testimony and report his conclusions as to law and fact.

The finding of the referee was for plaintiffs on which judgment was given accordingly, and to reverse which defendant has appealed. The appealing defendant assigns a number of grounds upon which he claims a reversal of the judgment.

The first among these is, that there is a fatal want of correspondence between the allegations of the petition and the proofs, in this, that the allegations of the

petition, when summarized, are: *First.* That defendant had certain money in his hands to be used in erecting the house. *Second.* That in its use in building said house the defendant agreed not to pay it out except on receipted bills for work and materials, on orders or certificates of the contractor. *Third.* That relying on such agreement plaintiffs were induced to buy the house in question and in consideration of such contract assumed to pay a note and mortgage on said property. *Fourth.* That defendant failed and refused to so pay out said money on the order or certificate of such contractor. *Fifth.* That thereby the plaintiffs were damaged; while the evidence introduced by plaintiffs, over defendant's objection, was to the effect "that the defendant agreed that if plaintiff James buys this property every bill that I pay will have to be receipted and held in my desk with Dr. James' "O. K.""

It must be conceded that this evidence did not tend to prove the allegation of the petition. It is quite manifest that while it tended to prove that defendant agreed to pay the bills for work and materials for the construction of the house only on the approval of plaintiff James, it did not in the remotest degree tend to prove that the defendant had agreed to pay the same in the manner alleged in the petition. The referee therefore erred in overruling defendant's objection to the introduction of this evidence.

By reference to the report of the referee it is to be seen that the fact which this evidence tends to prove was found and reported by him as one of the grounds upon which plaintiffs' claim to damages was allowed. And in support of his exceptions to the report of the referee, defendant filed an affidavit of surprise showing that he had prepared his case for trial and had proceeded upon the idea that the plaintiffs' claim for damages was based upon a violation of the agreement

alleged in the petition; that "he was not prepared to try the case upon the theory that S. C. James was to approve the expenditures nor upon the theory that it devolved upon the defendant to affirmatively account for the money in his hands as stated by the referee; that had defendant been aware that the referee was to so hold he could have prepared by having the house in controversy measured up to show that defendant expended fully the sum loaned on said house to Arthur E. Hull including the said sum of $3,750 in said house and affiant at no time pending the hearing before said referee, learned that the burden of showing that he had so expended the money loaned on said house would be required of him and did not learn that said referee so claimed until the report herein was filed." The affidavit in such cases is the test of surprise. *Fischer v. Max,* 49 Mo. 404; *Turner v. Railroad,* 51 Mo. 509; *Willis v. Sharp,* 57 Mo. 56; *Ely v. Porter,* 58 Mo. 160, 161; *Myer v. Chambers,* 68 Mo. 628. It, therefore, appears that the defendant was misled to his prejudice by this variation in the maintaining his defense on the merits. It follows that the trial court erred in its action in overruling defendant's exceptions to the report of the referee. It should have set aside the report and given leave to amend the pleadings and then sent the cause back to the referee.

The plaintiffs contend that, even if the evidence referred to was improperly admitted, the finding of the referee was for the right party and ought to be upheld. We can not tell what effect this evidence had on the mind of the referee or to what extent it influenced his determination of the issues. It is certain that he did not regard it as unimportant. It appears by his report to have been one of the basic facts which he felt warranted the conclusion he reached.

It may not be out of place here to suggest that

the action is one at law and not in equity, therefore
the rule stated by the referee in his conclusions of law
by which he found that the defendant held the money
for the erection of the house purchased by plaintiffs as
a trustee, and that the burden was on him to account
for and show what disposition was made of it, was
erroneous. The relation between plaintiffs and defend-
ant under the agreement was none other than that of
debtor and creditor. Defendant owed Hull $3,700
which he had bound himself to pay for labor and
materials to go into the house which the latter was
building. If not all required to complete the house
the excess would have been directly due Hull. Under
the agreement made between Hull and plaintiffs with
the consent of the defendant, the former was substi-
tuted and became defendant's creditors in the place of
Hull. There was nothing in the facts of the case to
draw it into equity. Defendant was neither a trustee
nor *quasi* trustee. There was no confidential relation
existing. Equitable jurisdiction, it is said, has always
rested largely upon such relation of confidence involv-
ing the need of discovery and the duty of explanation;
and the proof of its truth falls in such cases upon the
defendant, whose conduct is questioned whenever an
accounting is decreed, and required of him extreme
good faith. *Leeper v. Taylor*, 111 Mo. 317; Story,
Eq. Juris., secs. 315, 316; *Marvin v. Brooks*, 94 N. Y.
71; *Johnson v. Moss*, 45 Cal. 515. This is not such a
case, and if it were the pleadings disclose an action at
law to recover damages for breach of contract and so
the rule is inapplicable.

It is not perceived that the defense of the statute
of frauds could be invoked by defendant. Hull for a
sufficient consideration assigned the amount of money
due by defendant to him to plaintiffs with defendant's
consent. Defendant had bound himself to pay out

this money in a certain way and for certain purposes and if he failed to do so and the plaintiffs were damaged thereby they ought to recover.

No merit is discovered in the other grounds of the appeal urged by defendant. The judgment will be reversed and the cause remanded. All concur.