A. M. NELSON, Respondent, v. KANSAS CITY, FORT SCOTT & SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 18, 1896.

1. Appellate Practice: TRIAL WITHOUT JURY: EVIDENCE. The appellate court has only the power to review the law declared by the trial court, and when that court has been intrusted with both the facts and law, the appellate court must assume the facts as that court found them.

2. Witnesses: CONTRACT: DEATH OF AGENT: HARMLESS ERROR. Where the agent of a corporation with whom the plaintiff made a contract is dead, plaintiff is an incompetent witness to testify to the terms of the contract, but the error is harmless in this case since an instruction withdrew the evidence from the jury.

3. ———: ———: ———. Though the contracting agent be dead, plaintiff may testify to the services rendered, the reasonable value thereof, the acceptance of the same, demand and payment therefor, and other facts and circumstances from which the law would imply a previous request and promise to pay.

4. Evidence: DECLARATION OF CORPORATION PRESIDENT. In a suit against a corporation for services rendered, the declarations of the corporation president to a witness that the services were to be performed upon a certain condition, can not be introduced by the defendant.

5. Corporation: CONTRACT: EVIDENCE: RATIFICATION. The acts of the president of a corporation which he is not prohibited from doing or are not in excess of corporate powers, may be expressly or impliedly ratified, and the evidence in this case is *held* sufficient to go to the jury on the question of the employment of plaintiff and its ratification by the corporation.

6. Quantum Meruit: ACTION FOR SERVICES: INSTRUCTION. An instruction in substance declaring if defendant had plaintiff in its services, the law implied a promise to pay the reasonable worth thereof, unless it was agreed that such services should be a gratuity, or that plaintiff looked to another for his recompense, is *held* proper on the facts in this case.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

AFFIRMED.

*McAntire & Craycroft, Wm. M. Cravens,* and *Edw. J. White* for appellant.

(1) A determination of the appellant's first assignment of error, that the judgment of the trial court was contrary to the evidence and the law under the evidence, necessarily requires a full perusal of the record in the case, not only of the verbal statements of the witnesses, but also the coincidences and circumstances connected with the testimony in the cause, which are as much a part of the record as the direct affirmance or negation of the physical facts proven or denied. Greenleaf on Evidence [14 Ed.], secs. 12, 13, pp. 18, 19; Greenleaf on Evidence [14 Ed.], sec. 329, p. 425; 3 Blackstone's Com., 371; 1 Gilb. Evidence by Lofft, pp. 221, 223; *Freor v. Everston,* 20 Johns. 142; R. S. 1889, sec. 8918, p. 2057; *Angell v. Hester,* 64 Mo. 142; *O'Bryan v. Allen,* 108 Mo. 227; *Ring v. Jamison,* 66 Mo. 424; *Chapman v. Daugherty,* 87 Mo. 617 (overruling 68 Mo. 69); *Thieman v. Meier,* 25 Mo. App. 306; *Meier v. Thieman,* 90 Mo. 433; *Bank v. Hunt,* 25 Mo. App. 170; *Nichols, Shepard & Co. v. Jones,* 32 Mo. App. 657; *Williams v. Edwards,* 94 Mo. 447; *Bank v. Payne,* 111 Mo. 291; *Gurley v. Railroad,* 104 Mo. *loc. cit.* 233; *Gerdes v. Christopher & Co.,* 27 S. W. Rep. 615; *Church v. Railroad,* 119 Mo. 203. (2) The plaintiff could not recover, if his services were voluntary, and the evidence showed that they were so rendered, conditionally on his inability to improve the line as run by Patterson. *Hoolan v. Bailey,* 30 Mo. App. 585. (3) The present action being on a *quantum meruit,* before

the plaintiff could recover he was bound to show an acceptance by the defendant of the benefit of the service sued for. Beach on Priv. Corp., sec. 198, pp. 335, 337; Bishop on Con., sec. 219, pp. 81, 82; *Dougherty v. Whitehead*, 31 Mo. 255; *Mansur v. Murphy*, 49 Mo. App. 266; *Hiemenz v. Goerger*, 51 Mo. App. 586. (4) The obligation to pay for the service rendered, if any, was the debt of Bush, the defendant's independent contractor, for whose obligations the defendant was in no way responsible. *Lake Erie W., etc., Co. v. Eckler*, 13 Ind. 67; *Baltzer v. Raleigh, etc., Co.*, 24 Am. & Eng. R. R. Cases, 354; *Idem*, 115 U. S. 634; *Trust Co. v. Bridges*, 51 Fed. Rep. 753; Bishop on Con., sec. 1075, p. 429, *et sub.;* Beach on Priv. Corp., sec. 207, p. 355; 4 Rap. & Mack's Dig. R'y Law, p. 155, *et sub.* (5) The court erred in admitting the testimony of the plaintiff, A. M. Nelson. R. S. 1889, sec. 8918, p. 2057; *Nichols, Shepard & Co. v. Jones*, 32 Mo. App. 657; *Samuels v. Bartee*, 53 Mo. App. 587; *Williams v. Edwards*, 94 Mo. 447; *Bank v. Payne*, 111 Mo. 291; *Leach v. McFadden*, 111 Mo. 584; *O'Bryan v. Allen*, 108 Mo. 227; *Leeper v. Taylor*, 111 Mo. 312; *Teats v. Flanders*, 118 Mo. 660; *Chapman v. Daugherty*, 87 Mo. 617; *Reynolds v. Reynolds*, 45 Mo. App. 622. (6) The court erred in excluding competent and legal testimony offered by the defendant. (7) The court should have sustained the defendant's demurrer at the close of the plaintiff's case. Even with the illegal evidence of the plaintiff, his testimony did not develop a contractual relation with the defendant, or his proof show an acceptance of the service sued for, and in either case the defendant's demurrer should properly have been given by the court. Beach on Priv. Corp., sec. 198, pp. 335, 337; Bishop on Con., sec. 219, p. 81; Beach on Law of R'ys, secs. 482, 483, 484, pp. 587, 588, 589; Beach on Priv. Corp., sec. 207, p. 353, and

footnote; *Van Valkenburg v. Railroad*, 4 N. Y. Supl. 782. (8) The court erred in calculating and including interest on the plaintiff's demand, in its judgment, from January 1, 1890, as there was no proof of any demand prior to April, 1892. *Newman v. Newman*, 29 Mo. App. 649; *Wolff v. Mathews*, 98 Mo. 246; *Berning v. Medart*, 56 Mo. App. 443; *Lenox v. Railroad*, 76 Mo. 86; *Powell v. Railroad*, 76 Mo. 80.

*George Hubbert* for respondent.

(1) The rule precluding recovery on *quantum meruit* in the face of an express contract has no application here, for a double reason: There was no express contract constituting the basis of this action within the meaning of the rule, as we have seen above. Any supposed contract was fully performed by plaintiff to defendant's satisfaction, and in such case the rule has no application, even if there had been an express and special contract. *Moore v. Gaus*, 113 Mo. 98, 107; *Williams v. Railroad*, 112 Mo. 463, 491; *Globe, etc., Co. v. Doud*, 47 Mo. App. 439, 451. (2) The competency or incompetency of the plaintiff as a witness for any purpose does not seem to cut any material figure in the case, since his right of action is established many times over by other witnesses, etc., and there could not possibly have been any other result than a judgment for plaintiff after excluding all his testimony. *Wilkinson v. Metropolitan, etc., Co.*, 54 Mo. App. 661, 665; *Kinnerly v. Sommerville*, 2 Mo. App. 918; *Laumier v. Gehner*, 110 Mo. 122, 126; *Fox v. Windes*, 127 Mo. 502, 514; *Jones v. Poundstone*, 102 Mo. 240, 245; *Lane v. Lane*, 113 Mo. 504, 507. (3) But plaintiff's competency as against the defendant corporation (for any purpose except proof of an express contract or special arrangement with the deceased exclusive agent acting

for it in the matter at the time, which is entirely outside of the facts here) would seem to be not open to serious question. *Bexar, etc., Ass'n v. Newman,* 25 S. W. Rep. 461; *Bank v. Payne,* 111 Mo. 291, 298.

SMITH, P. J.—This is an action on an account. The petition alleges that the defendant had plaintiff in its employ as chief engineer for five months, in the year 1889, and that as such engineer, he served defendant during that time, and that plaintiff's said services were reasonably worth $150 per month, which, with certain disbursements (set forth in an itemized account filed with the petition and referred to therein) the defendant agreed and undertook to pay, etc. The answer was a general denial.

The cause was tried by the court, a jury being dispensed with. The judgment was for the plaintiff and defendant appealed. We shall notice the various grounds of the appeal in the order of their presentation in defendant's brief.

I. The defendant submits quite an elaborate argument directed to the point that the finding of the court was against the evidence. A critical examination and analysis of all the evidence presented by the record has convinced us that it is sufficient to warrant the action of the court. When a case is submitted to a court and a jury dispensed with, as in this case, the facts upon which it bases its judgment are incontrovertible here. This court has only the power to review the law declared by the trial court, and when that court has been intrusted with both the facts and law, we must assume the facts to be as that court found them. *Hamilton v. Boggess,* 63 Mo. 233; *Gaines v. Fender,* 82 Mo. 505; *Swayze v. Bride,* 34 Mo. App. 414; *O'Howell v. Kirb,* 41 Mo. App. 423; *Smith v. Zimmerman,* 51 Mo. App. 519.

II.   The defendant further objects that the court
erred in permitting the plaintiff to testify in the case.
The plaintiff, in the course of his testimony, disclosed
the fact that . he had been employed by defendant
through Bush, who was, at the time, president of the
defendant.   It was further disclosed by the testimony
of the plaintiff that Bush, at the time of the trial, was
dead.   The question which is most discussed by coun-
sel is, whether the death of Bush had the effect, under
the statute, to entirely disqualify plaintiff as a witness
in the suit, or only as to any transaction had with
Bush, out of which the action arose.

The rule is now well settled in this jurisdiction
that the death of a contracting agent of a surviving
party to a contract excludes the evidence of the other
contracting party.   *Stanton v. Ryan*, 41 Mo. 510;
*Butts v. Phelps*, 79 Mo. 302; *Williams v. Edwards*, 94
Mo. 447; *Leach v. McFadden*, 110 Mo. 584; *Robertson
v. Reed*, 38 Mo. App. 32; *Aultman v. Adams*, 35 Mo.
App. 503.   But in *Bank v. Payne*, 111 Mo. 291, it was
expressly declared that the above stated rule does not
extend further than to transactions had by the party
to the action, with the deceased agent of the other
party, acting in behalf of the adverse party.   The
plaintiff, over the objection of the defendant, was per-
mitted to testify in regard to the contract had with
Bush.   This testimony should not have been received.
The error was, however, cured by an instruction of the
court in effect directing the jury to disregard so much
of the testimony of plaintiff as related to any contract
or transaction had between him and Bush.

In *Moore v. Gaus*, 113 Mo. 98, following *Williams
v. Railroad*, 112 Mo. 468, it was declared that where
the plaintiff has fully performed a contract and noth-
ing remains to be done but the duty of the defendant
to pay the stipulated price thereunder, the plaintiff

may sue in *assumpsit*, using the common count of *quantum meruit*, as at common law. 2 Greenl. Ev., sec. 104, and cases cited. Had it not been for the disqualification of the plaintiff to the extent already stated, his testimony as to the contract, its performance, and the nonpayment of the agreed price, would, under the allegations of his petition, have been admissible to establish his *prima facie* right to recover. The plaintiff, aside from the improper testimony given by him, already referred to, testified to the service rendered, the reasonable value thereof, the acceptance of the same, the demand and nonpayment, with many other facts and circumstances from which the law would imply a previous request to perform the services, as well as a promise to pay the value of the same. To this extent the plaintiff was a qualified witness under the statute. And while the practice of allowing improper evidence to go to the jury and then later on to exclude it by instruction, is by no means commendable, still, in the present case, we can not see that the defendant was harmed by the action of the court, since there was an abundance of other evidence adduced to justify the finding and judgment.

III. Defendant offered to prove by the witness Patterson that he asked Bush, while he was its president, how it happened that plaintiff was at work at Shanghai Valley, on defendant's road, and that Bush replied that plaintiff was not doing anything, and had proposed to get a better line out of that valley than the one already located, and that if he did not do so, he would expect no pay. There is no rule of evidence with which we are acquainted that would authorize the introduction by defendant in evidence of the declarations of Bush, its president. The declarations made by Bush, its president, to the witness, in the absence of

the plaintiff, were certainly not admissible in evidence to maintain the negative of the issue.

IV. The defendant's contention that the demurrer to the evidence interposed by it should have been sustained, since, without the testimony of plaintiff there was no evidence adduced to justify the finding for the plaintiff can not be upheld. It may be conceded that Bush, as president of the defendant, was not authorized to employ a chief engineer. The rule is that not only the appointment, but the authority of the agent of a corporation may be implied from the adoption or recognition of his acts. *Kiley v. Forsee*, 57 Mo. 390. The evidence discloses the fact that the defendant availed himself of the services of the plaintiff, running through several months, with a full knowledge of all the facts. If there was any defect in the authority conferring the original appointment, this would amount to a ratification. *Southgate v. Railroad*, 61 Mo. 89. The acts of a president of a corporation, which he is not prohibited from doing, or which are not in excess of the powers of the corporation, may be expressly or impliedly ratified by the corporation. 1 Wood on Railroads, 495, 496; 1 Rorer on Railroads, 669; 1 Beach on Priv. Corp., pp. 337, 338; 1 Beach on Railways, sec. 17.

But excluding, as we must, the evidence of the plaintiff relating to his employment by Bush, there is other evidence tending to prove facts from which the law would imply his employment by the defendant. It is an admitted fact that the defendant was desirous of obtaining the right of way over certain public lands, and to do so, it was required by the laws of the United States and the rules and regulations of the secretary of the interior, made in pursuance thereof, for the defendant to produce to the secretary of the interior a map of its road certified to by its president and verified by its

chief engineer. Accordingly a map of the survey of the defendant's road was certified by the president and verified by the plaintiff, as chief engineer, and the latter was sent by defendant to Washington to present the map to the secretary of the interior. The map was prepared under a resolution of the board of directors, about a month after the plaintiff began work on defendant's line. It will not do for defendant to say, at this late day, that the plaintiff was not then its chief engineer, for that would amount to an admission that it had procured the right of way over the public lands by false pretense and fraud.

It appears from the evidence that plaintiff engaged at work on defendant's road for most of the time covered by his account, and that he had a number of employees of the defendant under him, and that during the time, he sent in to the general office reports and made out pay rolls, which were approved by the auditor and paid by the treasurer of the defendant. Besides this, Tickinger, who was a director and general superintendent of the company, testified that the plaintiff was practically appointed to, and in charge of, the office of chief engineer long before he was formally employed by resolution of the board of directors. From these and many other facts which the evidence tends to show, the law would undoubtedly imply his employment as chief engineer by defendant. Besides this, there were other facts and circumstances shown in evidence tending to prove his employment, as engineer (though perhaps not as chief engineer) by Bush, and the subsequent ratification of the act of Bush in that regard by defendant. If the plaintiff was not appointed as chief engineer, but was employed as engineer, and in that capacity performed services for the defendant which were of value to it, and which were accepted, then he is entitled to recover on an implied

*assumpsit,* for the reasonable value of such services. It seems to us that the demurrer to the evidence was properly overruled.

V.    The defendant complains of the action of the court in giving for plaintiff instruction number 4, to the effect that if it should appear that Bush had, without the knowledge of plaintiff, undertaken to construct a part of defendant's road, at his own personal cost, and that defendant had plaintiff in its service as engineer, the defendant was liable to plaintiff for his services in the absence of proof that such services were gratuitously rendered, or that he agreed that he would look entirely to someone other than defendant for payment.    The proposition asserted by the instruction was no more than that if the defendant had plaintiff in its service, then the law implied a promise on its part to pay what such service was reasonably worth, unless it appeared that it was agreed that such service was to be rendered as a gratuity, or that plaintiff would look to another for his recompense.    And the mere fact that under a contract of which plaintiff had no knowledge between Splitlog and Bush, the latter was to construct a part of defendant's road at his own expense, could certainly not have the effect to absolve defendant from liability on its implied obligation to plaintiff.    We do not think that under the evidence in the case, the question of the liability of the defendant, as undisclosed principal, arises.    Mechem on Agency, secs. 695, 696.

There was a great number of other instructions given and refused by the court, but as the cause was tried by the court without the aid of a jury, we will not subject them to the critical examination that otherwise we would.    The practice prevailing in the revisory courts, in cases so tried, is to look to the instructions to discover upon what theory the trial court pro-

ceeded, and if it appears, as here, that the theory adopted by that court is correct, as a proposition of law, and is sustained by substantial evidence, then there is no just ground of complaint. No harmful error is discovered in the action of the court in the giving or refusing of instructions.

The defendant complains of the action of the court in computing interest, but an examination of the evidence shows a demand of payment was made in January, 1890, so that the amount found by the court was authorized by the evidence.

The judgment is for the right party and must be affirmed. All concur.