S. C. JAMES et ux., Respondents, v. CHARLES. R. HICKS, Appellant.

Kansas City Court of Appeals, June 13, 1898.

1. **Appellate Practice**: TRIAL BY COURT: FINDING OF FACTS: LAW. The appellate court can only review the law and where the trial court has been intrusted with both facts and law it assumes the facts to be as found below, and while it may interfere on the complete failure of evidence to support the finding, yet if defendant fails to demur to the evidence he impliedly admits the existence of evidence tending to support the finding.

2. **Instructions**: INCONSISTENT WITH PLEADING: WITHOUT EVIDENCE: AGENT. An instruction inconsistent with an affirmatively pleaded defense is properly refused as.also one without evidence to support it; and where one plaintiff is agent for another in making a contract an instruction declaring that the other plaintiff is not injured by the breach is properly refused.

3. **Contract**: PAYMENT BETWEEN FIXING OF THE TERMS AND THE CONSUMMATION: LIABILITY OF THE PAYOR: INSTRUCTION. The lender and the borrower and the borrower's vendee agreed that the borrowed money amounting to a certain sum should be paid in certain instalments; between the time of the agreement and the execution of the deed by the borrower to the vendee, the lender paid a portion of said money for other purposes. *Held,* he was liable for the damage resulting from such payment and an instruction relieving him from liability was error and in this case outside of the issues made by the pleadings.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

KINLEY, CARSKADON & KINLEY for appellant.

(1) The fifth instruction should have been given on behalf of defendant. (2) The seventh instruction should have been given. (3) The eighth instruction

should have been given. (4) The plaintiffs had no right to question the application of any money by defendant until they got the property. Until that time Hull had the power to have his contract carried out, and defendant was powerless to do otherwise— hence the court erred in refusing the ninth instruction asked by defendant. (5) Under the fourth instruction given by the court, the finding of the court should have been for the defendant. The instruction was a general one embracing all the points that were relied on and pleaded in the answer, and, being proved, of necessity entitled defendant to a finding in his favor. Shipp v. Snyder, 121 Mo. 155, and cases therein cited. (6) The evidence in the case did not show any damages done to the plaintiffs, or either of them, by the alleged breach of defendant's contract, if there was such, hence plaintiffs in any event were not entitled to more than nominal damages.

R. H. HAMILTON and M. A. FYKE for respondent.

This is the second appeal by defendant to this court in this case—James v. Hicks, 58 Mo. App. 521. There is no substantial difference in the facts now and when the cause was here before. No questions of law are raised by the appeal in this case. The facts were conflicting—the evidence abundantly supports the judgment. At all events the court below was of that opinion and this court will not disturb the finding of the court below upon the facts, nor will it discuss the instructions where the trial is before the court without a jury, except as they may show the theory on which the trial court disposed of the cause. Ins. Co. v. Davis, 59 Mo. App. 405.

SMITH, P. J.—It is alleged in the petition of the plaintiff that one Hull was the owner of a certain lot in

Kansas City and that he was desirous of erecting certain buildings thereon, and for the purpose of raising money therefor entered into an agreement with defendant whereby defendant was to loan said Hull $5,500 to be secured by a first deed of trust on said lot and that said Hull executed a note to defendant for said sum and a deed of trust on said lot to secure the same. That it was agreed between the defendant and said Hull that said money should be paid out by said defendant as the buildings upon said lot progressed, upon orders or certificates of the contractor who was to do said work, and not otherwise; that afterward said Hull entered into a contract with one A. P. Johnson to erect certain improvements upon said lot; that on the —— day of December, 1889, these plaintiffs entered into a negotiation with said Hull for the purchase of said property, the said buildings then being erected upon said lot being at that time in course of construction and incomplete, and the defendant at that time still having in his hands of said money the sum of $3,700. That the said defendant, in order to induce plaintiffs to buy said property and to assume and to agree to pay the aforesaid incumbrance of $5,500, represented to plaintiffs that he had in his hands of said money the said sum of $3,700 aforesaid, and then and there, with the assent of said Hull, agreed with plaintiffs that if they would buy said property and assume said incumbrance he would apply said money in his hands in payment of work done upon and materials furnished for the completion of said improvements, and would pay the same out only upon bills O. K.'d by Doctor James, one of the plaintiffs and would take receipts for money so paid out and would keep said receipted bills so O. K.'d by plaintiff, Doctor James, in his desk as vouchers for said payments, and that before such bills would be paid by

him it would be required that the contractor should certify that such work had been done and materials furnished for said buildings, it being part of the agreement between said Hull and plaintiffs that said building should be completed with the money so in the hands of said defendant, of which agreement defendant was informed at the time, and to which he assented. That, relying upon defendant's representations and agreement aforesaid, plaintiffs bought said property of said Hull, and by the deed executed and received by them did assume and agree to pay to said defendant the aforesaid incumbrance of $5,500.

That said defendant in violation of his said agreement, after plaintiffs had so taken and accepted said deed, failed, neglected and refused to pay out said money for work done upon and materials furnished for the completion of said house and improvements, and did not pay the same out only upon bills O. K.'d by plaintiff, Dr. James, and certified by said contractor as having been used in the completion of said improvements, but now claims that he paid the same out to said Hull, notwithstanding he had expressly agreed with plaintiffs as aforesaid to pay the same out solely for the purpose of completing said improvements. Plaintiffs allege that the cost of completing said improvements was $2,499, which defendant failed and refused to pay; that plaintiffs were thereby compelled to pay on account of completing said improvements divers large sums of money, aggregating the sum of $2,499. That defendant, at the time said arrangement was made, had in his hands said sum of $3,700, which was sufficient, if it had been applied to the completion of said improvements, to have fully completed the same. Wherefore, plaintiffs say they have sustained damages in the sum of $2,499, for which, with costs, they pray judgment.

The answer of the defendant was a general denial, which was supplemented with certain allegations which were to the effect that said Hull was the owner of certain real estate in Kansas City, and for the purpose of erecting thereon three several houses borrowed of defendant $16,500; that each of said houses was to be alike and that said sum of money, less certain commissions, etc., was, under an agreement contained in a certain bond executed by Hull to defendant, to be used in the construction of said houses; that said Hull made a contract with one Johnson, who was to furnish the materials and erect said houses in accordance with certain plans and specifications; that for the purpose of protecting defendant and said Hull in payment of said loan, it was agreed in writing that the money should be paid out as the houses progressed to certain points in instalments; that when plaintiff purchased said house the same had been completed to certain points; that when plaintiffs purchased the same, they took the place of said Hull under the original contract and agreement for building the same; that plaintiffs had full knowledge of the terms and conditions of said contracts, plans and specifications and of the amount of money paid thereon at the time of their purchase; that said original contract made by said Hull and defendant and the contract for the erection of said houses, as made between said Hull and said Johnson, remained and continued in full force until on or about the first day of February, 1890, at which time it was agreed between plaintiffs and the owners of the other two buildings and defendant that the bondsman of said A. P. Johnson for the construction of said building, said John Porter, should continue the construction thereof until the work was completed in said houses, and the bills should be paid as promptly as the work was completed and the

ANSWER.

material furnished for said houses, not to exceed, however, the amount that was to be paid, as said buildings reached the points according to said original contract, made by said defendant and Hull, and said sums of money were to be paid; and this continued until the latter part of April or the early part of May, 1890, at which time the surety of said contractor failed to carry the buildings any further and it was agreed between plaintiffs and defendant and the other owners of said houses that the work of said houses should continue until the amount of money in the hands of the defendant for the construction thereof was exhausted, and that the bills for the labor and material, if any therein, were to be paid upon the approval of plaintiffs and the other owners of said houses.

The defendant further states that he fully complied on his part with all of the agreements heretofore made, and that every dollar of money he had in his hands for the construction of said buildings was used and expended thereon, in pursuance of said agreements, heretofore referred to as made by defendant and said Hull, and by plaintiffs and the other owners of said buildings and defendant, as made on or about the first day of May, 1890, by the owner of said houses and said defendant as long as each contract was in force. Defendant further states that all of the money he had in his hands originally due said Hull was used in the construction of the said building under the several contracts heretofore referred to.

The cause was tried by the court, a jury being dispensed with. There was a finding and judgment for the plaintiffs and defendant has appealed. The plaintiffs requested no instructions, but the defendant requested nine, five of which were given.

The second of the series which was given declared that if the contract alleged by plaintiffs was made and

INSTRUCTIONS.    broken and plaintiffs thereby damaged, yet before they could recover more than nominal damages they must show to the satisfaction of the court how they were damaged and the amount thereof.

This instruction submitted the negative of the issue made by the allegations of the petition and the denial thereof interposed by the answer.

The fourth and sixth given in said series were as follows:

"*Fourth:* If there had been a contract made between Hull and defendant, that the money loaned to Hull should be paid out at certain points to which said houses were built, and if Hull had contracted with Johnson to build the three houses jointly and had taken a bond from said Johnson for the building of the same jointly with Porter as security, and plaintiffs purchased the middle house and contracted with said Hull that he was to complete said house, then the defendant was only bound to pay out the money to Hull as the buildings were erected, and if desired, in pursuance with said contract with Hull, paid to Hull said several sums of money as said houses were constructed until said contract was abrogated by mutual agreement with plaintiffs, defendant, Hull, Griffith and Porter, and said house was constructed to said points as the money was paid, and that thereafter the house was, with the other houses, built under the arrangements and agreements made with the several owners thereof, and all the money defendant had paid out thereon, then plaintiffs can not recover."

"*Sixth:* If the court finds that there was paid seven thousand, eight hundred ($7,800) dollars, besides commissions and insurance, both amounting to eleven hundred and twenty-two dollars ($1,122) before plaintiffs acquired said property in the negotiation

with Hull, and that of said $7,800 there was expended $800 for foundations, $1,000 for second story, and $1,200 for roof, and thereafter the remainder of said sum for said house was expended for its construction, either with or without the consent of plaintiffs, then the plaintiffs can not recover."

The latter instructions fully and fairly submitted the case upon the theory of the defendant's answer. It is clear that the defendant had a consideration by the court of the case upon the theory of the affirmative defense pleaded by him. It is his contention that if the court, in consideration of the case on the several theories indicated by his instructions, had given due heed to the evidence, its finding would have been for him instead of for the plaintiffs.

In actions at law the rule of appellate practice is quite well settled in this state to the effect that when there has been a submission of the case to the court and a jury dispensed with, as in this case, the facts upon which it bases its judgment are incontrovertible in the appellate court. This court has only the power to review the law declared by the trial court, and where it has been intrusted with both facts and law we must assume the facts to be as it found them. Nelson v. R'y, 66 Mo. App. 647; Smith v. Zimmerman, 51 Mo. App. 519; O'Howell v. Kirk, 41 Mo. App. 523; Swayze v. Bride, 34 Mo. App. 414; Hamilton v. Boggess, 63 Mo. 233; Gaines v. Fender, 82 Mo. 505.

*APPELLATE practice: trial by court: finding of facts: law.*

The appellate court will, however, look to see whether or not there is a complete failure of evidence tending to support the finding and judgment and if so, it will interfere. Williams v. Monroe, 125 Mo. 574, and cases there cited. The defendant, by his failure to demur to the evidence and his request for a consideration of the case by the court upon the theory

formulated by his second instruction, hereinbefore
adverted to, impliedly admitted that there was not a
complete failure of evidence tending to support the ·
allegations of the plaintiffs' petition. But the plaintiffs,
in order to show that there was not a complete failure
of evidence, are not compelled to rely on the implication
just stated.   By reference to the record it will be seen
that, instead of there being no evidence to support the
finding and judgment it is abundant.   It is true that
the testimony, in many respects, is conflicting, but
the credibility of the witnesses and the weight to be
given to their testimony were matters passed upon
by the trial court, with which we can have no concern.
The defendant is therefore in no position to object to
the theories upon which the court considered the case,
nor that there was no evidence either to warrant a
submission or the finding and judgment.

No error is perceived in the action of the court in
refusing four of the instructions requested by defend-
ant.   The theory of the fifth was incon-
sistent with the affirmative defense pleaded.
The defense is not that Hull diverted any
part of the money borrowed of defendant
but that it was all used in the construction of the three
houses.   As to the seventh, it is sufficient to say that
there is no evidence on which to base it, but if there
was, its hypothesis is substantially the same as that of
the sixth which was given.   As to the eighth, it may be
remarked that it is disclosed by the testimony of the
plaintiff, Dr. James, that in all the transactions had by
him with the defendant, and in respect to the acquisi-
tion of said property, he acted for himself and his wife,
who is his coplaintiff.   If one of the plaintiffs was
damaged so was the other.

The ninth requests a consideration of the case
upon a theory not within the limits of the issues made

INSTRUCTIONS:
  inconsistent
 ·with pleading:
  without evi-
  dence: agent.

by the pleadings. No such defense is pleaded in the defendant's answer. If the defendant, between the date of the agreement entered into between plaintiffs and defendant and that on which the deed from Hull to plaintiffs for the house was delivered, paid out any part of the $3,700 without the O. K. of the plaintiff, Doctor James, unless the same was used in the construction of the house, he is liable for any damage that plaintiffs may have sustained in consequence thereof. This instruction declared if the defendant, between said dates, paid Hull any part of said sum, no difference for what purpose it was used, that there was no liability. And besides this, it was inconsistent with other instructions given.

When this cause was here on another occasion, 58 Mo. App. 521, the judgment was reversed and cause remanded, on account of certain errors appearing in the record, but, as far as we have been able to discover, there is no reversible error presented by the record in the case now before us. The cause was tried by a very able, painstaking and conscientious judge, and, as we think, in conformity to correct principles of law, and it must therefore result that the judgment should be affirmed, which is so ordered. All concur.